SAMUEL S. BUTLER *v.* CALEB BURLESON.

IN CHANCERY.

Mutual covenants, contained in a contract of co-partnership entered into by A. and B. as practising physicians and surgeons, that if A., at the expiration of the term, should sell out his real estate, &c., to B., he would not " settle himself in practice within twenty miles of B.," and that B., if he did not buy out A., would not " settle himself in the practice of medicine and surgery within ten miles of A.," are valid and binding covenants.

A court of equity has power to restrain a breach of such contract by injunction.

APPEAL from the court of chancery. The bill set forth a contract of co-partnership, entered into by the orator and defendant as practising physicians and surgeons, to continue for two years, and by the terms of which, if the orator sold out to the defendant at the expiration of the term, he was not to " settle himself in practice " within twenty miles of the defendant, and, if the defendant did not purchase of the plaintiff his real estate, &c., the defendant was not to " settle in the practice of medicine or surgery " within ten miles of the orator.

The bill alleged a breach of said contract on the part of the defendant, and prayed for an injunction. After trial on bill, answer and testimony, the chancellor decreed that the defendant be enjoined, " as long as the orator shall remain settled in East Berkshire as a practising physician and surgeon, from settling, or being or remaining settled, as a practising physician and surgeon at any place within ten miles of the orator's residence in said East Berkshire," and that the orator recover his costs. Appeal by defendant.

*H. R. & J. J. Beardsley* for orator.

1. As to the jurisdiction. The general rule is, that, when the remedy at law is uncertain, inadequate, or incomplete, or it is uncertain whether a court of law can do full and complete justice, a court of chancery will take jurisdiction. 5 T. R. 188. Com. on Cont. 49, 402. 1 Mad. Ch. 319. 1 Pow. on Cont. 170-2. 2 Ib. 3-9, 15. Swanst. R. 266. 1 Cox' R. 64. 6 Johns. Cas. 405. The

Butler *v.* Burleson.

present is a case peculiarly of this kind. The difficulty of a remedy at law is, that there is no mode of estimating the injury, no rule of damages can be adopted, and nothing, in short, will do complete justice, but a specific execution of the contract. This grows out of the very nature of the contract, and the business, or subject matter, to which it relates. Equity will secure the performance of contracts, though sounding in damages; *Handy* v. *Martin,* 1 Cox' R. 64 ; and it is peculiarly its province to compel the specific performance of contracts like the present, and enjoin against their violation. *Harrison* v. *Gardner,* 1 Madd. 198. *Williams* v. *Williams,* 2 Swanst. 266. *Shackle* v. *Baker,* 14 Ves. 468. *Crutterell* v. *Lye,* 17 Ves. 335.

2. The defendant's agreement was made upon sufficient consideration. The consideration did not depend upon the contingency of the defendant's purchasing of the orator ; for the orator, as he had a right to do, reserved to himself the privilege of selling to the defendant, or not, as he chose. It is obvious from the contract that the parties intended to guard against a continued practice by both within certain limits, after the end of the partnership. The orator could not leave, unless he sold his real estate. The defendant had none to sell. If the orator chose not to sell, he did not intend to leave it at defendant's option, to enjoy the benefit of that practice acquired by him through the agency of the orator during the partnership, to the prejudice of the orator after the partnership had ended. The stipulations were fair, reasonable, and mutual, and each was a sufficient consideration for the other.

3. As to public policy,—we are not aware of any principle, or rule, which will distinguish this case from the extensive class of cases, where contracts of a similar character between tradesmen have been enforced. There is nothing in the nature of the profession that requires a different principle from that which has always obtained in those cases. *Mitchell* v. *Reynolds,* 1 P. Wms. 181. *Davis* v. *Mason,* 5 T. R. 118. *Bunn* v. *Guy,* 4 East 190. 17 Ves. 335. Com. on Cont. 402. 1 Swift's Dig. 212. 8 Mass. 223. 1 Pick. 443. 6 Ib. 206.

————— ————— for defendant.

The orator has a complete remedy at law. The act of settling is

a single act, and does not consist in a series of acts.  It has, as the orator contends, already been committed, and damages may as well be recovered at law, as damages for any other act.

The contract is manifestly unreasonable, and a court of equity ought not to interfere to enforce it.  If enforced, it puts it in the orator's power to destroy the defendant's means of subsistence.

The opinion of the court was delivered by

WILLIAMS, Ch. J.  The contract between the parties is plain, clear and explicit, and, according to the terms of it, the defendant agreed, that, at the expiration of the partnership, if he did not purchase of the plaintiff, he would not settle within ten miles of the plaintiff without his consent; and a similar stipulation was entered into by the complainant, if the defendant did purchase.  The intention of the parties, in relation to the term *" settle,"* is sufficiently explicit by referring to the subject about which they were contracting; that is, they were not to settle in the practice of medicine within the limited distances.  This contract is not forbidden by any principle of policy or law.  Dr. Burleson can be as useful to the public at any other town as at Berkshire, and the lives and health of persons in other villages are as important as they are there. Community are, therefore, not injured by any stipulation of this kind between two practising and eminent physicians.  The validity of such a contract was fully recognized in the case of *Davis* v. *Mason,* 5 T. R. 118, and in the case of *Bunn* v. *Guy,* 4 East 190. The only question is, whether the controversy arising on this agreement was a proper subject for relief in a court of equity; or rather, whether the complainant was entitled to the injunction granted him by the chancellor.

When there is an express covenant, and an uncontroverted mischief arising from the breach of it, equity will grant an injunction to restrain the breach.  In this case there is an express contract.  The mischief arising from the breach of it cannot be repaired, nor can it well be estimated.  A suit at law would afford no adequate remedy, and the damages will be continuing and accruing from day to day;—and, furthermore, the object of the contract can only be obtained by the parties conforming expressly and exactly to its terms. It seems, therefore, to be a very proper case for a court of chancery

to enforce the contract, by granting an injunction to prevent the breach of it, according to the acknowledged principles on which courts of equity act in similar cases. We consider it to be a proper case for the exercise of chancery jurisdiction, and that it was properly exercised.

The decree of the chancellor is therefore affirmed, and the cause will be remanded to the court of chancery to grant the injunction and issue execution.