### FRANK F. COOK *vs.* LUCIUS M. JOHNSON.

The plaintiff for a sufficient consideration bought of the defendant his business as a dentist, and the latter executed a contract not to practice dentistry "within a radius of ten miles of Litchfield." The town of Litchfield has an extensive territory and an irregular outline, and contains the village of Litchfield, in which the defendant dwelt and had his office at the time, and where the contract was drawn and executed. Held that the above expression meant "within ten miles of the centre of the village of Litchfield."

And held that the contract was not void in not fixing a period within which the defendant was not to practice dentistry within those limits.

It seems that where such a contract is reasonable when made, subsequent circumstances, such as the covenantee's ceasing to do business, do not affect its operation.

PETITION for an injunction against the practice of dentistry by the respondent; brought to the Superior Court in Litchfield County, and heard before *Granger, J.* Decree for petitioner and motion for a new trial by the respondent. The case is fully stated in the opinion.

*H. B. Graves*, in support of the motion.

*C. B. Andrews* and *E. B. Kellogg*, contra.

LOOMIS, J. The questions presented by the respondent's motion for a new trial depend on the validity and construction of the following contract:—

"Litchfield, Connecticut, April 2d, 1874."

"I this day sell and convey to Frank F. Cook all the furniture and fixtures in the rooms over Dr. Beckwith's drug store;

also my good will; and do agree and bind myself not to practice dentistry within a radius of ten miles of said Litchfield. And for the consideration above named have this day received one hundred dollars from Frank F. Cook's hand.

"L. M. Johnson."

As this belongs to the class of contracts in restraint of trade, three requisites are essential to its validity. 1st. It must be partial, or restricted in its operation in respect either to time or place. 2d. It must be on some good consideration. 3d. It must be reasonable, that is, it should afford only a fair protection to the interests of the party in whose favor it is made, and must not be so large in its operation as to interfere with the interests of the public.

The motion does not disclose that it was claimed in the court below that the contract was lacking in any of these elements, but only that it was too indefinite and uncertain in its language to be enforced. The respondent admits the making of the contract, and full performance on the part of the petitioner, but concedes that he has paid no attention to it whatever, except to keep the money paid under it. This is not very creditable, to say the least, and the excuse given does not at all relieve him in a moral point of view. He says, in effect, that inasmuch as he did not understand, by the language which he used in the contract, where the circle with its ten-mile radius would be drawn, he will locate within the town of Litchfield, where he can do the other party the most injury, and appropriate to himself the good will of the business he had sold, knowing absolutely such conduct to be contrary even to his own understanding of the contract. Such a position might well excuse a court of equity from giving any construction to the contract merely for his future guidance.

But he says that he stands simply on his legal rights, and he insists that the contract by the rules of law is too uncertain and indefinite, both as to territory and time, to be binding. This question is involved in the motion for a new trial, and calls for a decision; and with a view to prevent future litigation between the parties, we will discuss it briefly.

The counsel for the respondent ask in their brief, "How can the court determine under this contract the territory from which the respondent is excluded from practicing dentistry by the provision "*within a radius of ten miles from Litchfield?*" At what point is the radius to be taken? From the centre of the town of Litchfield? Or is it to be taken from the extreme boundaries of the town?" The construction suggested by the last interrogatory is manifestly unnatural and unreasonable. The large extent and irregularity of the boundary lines of the town would extend the prohibited territory much further from the respondent's former place of business at certain points than at others, without any reason for it founded on the extent of the good will of the business in reference to which it is to be presumed the limits were prescribed. And besides, the term "radius," which means "a right line drawn or extending from the centre of a circle to its periphery," is wholly inapplicable to such a construction.

But in making such a contract the parties would naturally take their stand at the place where the business to be sold had been carried on, and would fix the utmost limits of the territory at equal distance from that point in every direction, and as far at least as they supposed the good will might attract customers. Now the contract is dated at "Litchfield," where the post-office of that name was located, and the ten miles are to be computed from "*said* Litchfield," referring to the place where it was dated. It is also to be remarked that the precise point in the village of Litchfield where the business referred to had been carried on by the respondent is mentioned, namely, "in the rooms over Dr. Beckwith's drug store."

Now if we put ourselves in the position of the parties it would seem that the language which they used is capable of very easy and definite application, and thus construed the contract means ten miles in every direction from the center of the village of Litchfield.

The only remaining inquiry is, whether any more definite limitation as to time is required.

The contract is silent in respect to the time of its duration.

But there is a well settled distinction between a general restriction as to *place* and a general restriction as to *time*. The mere fact that the duration of the restriction as to time is indefinite or perpetual will not of itself avoid the contract if it is limited as to place, and is reasonable and proper in all other respects. *Hitchcock* v. *Coker*, 6 Adol. & El., 447; *Bun* v. *Guy*, 4 East, 190; *Chesman* v. *Nainby*, 2 Strange, 739; *S. C.*, 2 Ld. Raym., 1456; *Wilkins* v. *Evans*, 3 Younge & Jerv., 318; *Mallen* v. *May*, 11 Mees. & Wels., 652; *Hastings* v. *Whitley*, 2 Exchr., 611; Story on Sales, (1st ed.,) § 493; *Pierce* v. *Woodward*, 6 Pick., 206; *Bowser* v. *Bliss*, 7 Blackf., 344.

It is said that the petitioner may cease to practice dentistry, and that in such case the respondent ought not to remain under a perpetual injunction. The court in its discretion might in the decree have anticipated such a contingency and provided for it, but the decree is not invalid on account of such omission, any more than the contract is.

The rule as to the contract is, that if it is reasonable when made, subsequent circumstances, such as the fact of the covenantee ceasing business, so as no longer to need the protection, do not affect its operation. *Elves* v. *Crofts*, 10 C. B., 241.

A new trial is not advised.

In this opinion the other judges concurred.