CHARLES H. FRENCH *vs.* EDWARD D. L. PARKER.

A., being a practising physician and surgeon in the city of P., for valuable consideration assigned his practice to B., and covenanted with B. not to engage at any time thereafter in the practice of medicine or surgery in said city of P. Subsequently A. resumed practice in P., and B. applied for an injunction.

*Held*, that A.'s covenant with B. was valid, though unlimited as to time.

*Held*, further, that B. was entitled to an injunction on A. restraining him from practice in P.

In this State, jurisdiction in law and in chancery being vested in the same court, the court sitting in chancery will decide questions of law as well as of equity, and give or refuse relief according to its decision.

BILL IN EQUITY for an injunction. On demurrer to the bill.

*May* 17, 1888. DURFEE, C. J. The case stated in the bill is to the effect that in February, A. D. 1887, the defendant, who was then a physician and surgeon, living and practising his profession in the city of Pawtucket, published an advertisement offering to " relinquish a very lucrative practice to the ' right man ' purchasing his real estate at its actual value ; " that the complainant, likewise a physician and surgeon, was then living and practising his profession in Waterbury, Connecticut ; that he was led by the advertisement to enter into negotiations with the defendant, which resulted in his purchasing the said practice and estate, and his removal to Pawtucket with his family, at great expense, and there entering upon the practice of his profession as the successor of the defendant ; that he paid the defendant $15,000, over $5,000 of which was for the practice, the assessed value of the estate being less than $10,000, and not of so much value to the complainant except for his use as a practicing physician ; that the defendant gave the complainant, in addition to the deed conveying the estate, a written covenant by which, in consideration of one dollar and other valuable considerations, the defendant assigned his practice to the complainant, agreed to introduce and recommend the complainant to his patients, and also agreed not to engage at any time thereafter " in the practice of medicine or surgery in said city of Pawtucket." The bill alleges that the defendant has opened an office in Providence, advertised his card in the Pawtucket papers, visited his old patients, and is now practising medicine and surgery in Pawtucket daily, to the great

damage of the complainant, and that the defendant declares that
he intends to continue to visit and prescribe professionally for all
persons in Pawtucket who may call for him.   The bill asks for an
injunction to restrain the defendant from practising in Pawtucket.
The defendant demurs.

The defendant contends, in support of the demurrer, that the
covenant, being a covenant in restraint of the exercise of a pro-
fession, is void because it is without limitation of time.   The
ground of this contention is that such a contract is valid only
when it is reasonable, and it is not reasonable if the restraint
which it imposes is larger than is necessary for the protection of
the party in whose favor it is imposed.   This view is in accord
with the language used by the judges in several English cases,
but no case is cited in which it has been held finally that a con-
tract in restraint of trade or business is void simply because the
duration of the restraint is not limited.   We know of no such
case.   In *Hitchcock* v. *Coker*, 1 Nev. & P. 796, also 6 A. & E.
438, the defendant had agreed not at any time to engage in the
business of chemist and druggist, or either of them, in the town of
Taunton, and the Court of King's Bench, on the authority of the
language used by Tindal, C. J., in *Horner* v. *Graves*, 7 Bing.
735, 743, decided that the agreement was void because it was
unlimited as to time ; but on appeal to the judges in Exchequer
Chamber, the decision was reversed, Tindal, C. J., delivering the
opinion.   In the course of his opinion he said : " We agree in the
general principle that where the restraint of a party from carry-
ing on a trade is larger and wider than the protection of the party
with whom the contract is made can possibly require, such re-
straint must be considered as unreasonable in law, and the con-
tract which would 'enforce it must be therefore void."   But, dis-
tinguishing between extent and duration of restraint, he held,
speaking for the court, that the contract was valid, because a
trader has an interest in his trade beyond his own exercise of it,
namely, the goodwill, which may be sold, bequeathed, or become
assets, and which it is therefore not unreasonable for him to have
protected by a continuance of the restraint beyond his own life.
The defendant contends that the ground of this decision is that
there is, in the case of a trade, a goodwill, which may be bequeathed

or may pass as assets, and which will therefore be the more valuable for a continuance of the restraint after the trader's death ; whereas there is no goodwill attaching to the profession of a physician or lawyer which can be bequeathed or pass as assets, and therefore any continuance of the restraint, after the death of the lawyer or physician, is unreasonable because it will avail nothing. We think this is too narrow a view of the decision. One of the cases, prominently cited in support of the decision, was *Bunn* v. *Guy*, 4 East. 190, in which the covenant of an attorney not to practise within certain limits was held to be good, although the restraint was unlimited as to time. Of course the court would not have cited the case as authority for the decision, if they did not regard it as falling within the principle of the decision. Moreover, a third reason was given for the decision, namely, that the goodwill of the trade might be sold during the life of the trader, and would sell for more, if protected from competition during the life of the party restrained, than it would if it were protected only during the life of the trader. This reason is as valid in the case of a profession as of a trade, for whether, technically speaking, there be any goodwill attending a profession or not, the professional practice itself would probably sell for more with the restraining contract, if the restraint were unlimited in duration, than it would if the restraint were for the life of the promisee or covenantee only. If the complainant here wished to retire from his practice and sell it, he could probably sell it for more, if he could secure the purchaser from competition with the defendant forever, than he could if he could only secure him from such competition during his own life. So, if he wished to take in a partner, he could for the same reason make better terms with him. It seems to us that the real principle of decision in *Hitchcock* v. *Coker* was this, that if the contract be otherwise valid it will not be held to be invalid simply because the restraint may continue beyond the life of the party for whose benefit it is accorded, if for any reason it may be beneficial to him to have it so continue. In *Archer* v. *Marsh*, 6 A. & E. 959, which was decided after, though heard before, the decision of the Court of Exchequer Chamber in *Hitchcock* v. *Coker*, Lord Denman, commenting on the reversal of the judgment of the Court of King's Bench, said that the judg-

ment was reversed " on the principle that the restraint of trade in that case could not be really injurious to the public, and that the parties must act on their view of what restraint may be adequate to the protection of the one, and what advantage a fair compensation for the sacrifice made by the other." This, if we understand it correctly, is equivalent to saying that, if the restraint be otherwise not unreasonable, the courts will leave the parties to make their own terms in regard to its duration. And this is consonant with the uniform course of decision both before and since *Hitchcock* v. *Coker*, and see *Catt* v. *Tourle*, L. R. 4 Ch. App. 654.

Thus the party restrained in *Davis* v. *Mason*, 5 Term Rep. 118, was a surgeon : in *Hayward* v. *Young*, 2 Chitty, 407, a surgeon and man midwife; in *Mallon* v. *May*, 11 M. & W. 652, a surgeon and apothecary ; in *Bunn* v. *Guy*, 4 East. 190, an attorney ; in *Butler* v. *Burleson*, 16 Vt. 176, a physician and surgeon ; and in *McClurg's Appeal*, 58 Pa. St. 51, a physician. In all these cases the contracts were sustained, though unlimited as to time, simply because the area of restriction was not unreasonable. See, also, *Gilman* v. *Dwight*, 13 Gray, 356 ; *Atkyns* v. *Kinnier*, 4 Exch. Rep. 776 ; *Hoyt* v. *Holly*, 39 Conn. 326. In *Butler* v. *Burleson, supra*, the court say : " Dr. Burleson can be as useful to the public in any other town as at Berkshire, and the lives and health of persons in other villages are as important as they are there."

In *Dwight* v. *Hamilton*, 113 Mass. 175, it was decided that a contract by a physician for the sale of his " practice and *goodwill* " in a particular town is valid, and carries with it an implied covenant on his part not to resume practice in the town, and that, if he attempts to do so, the court will restrain him by injunction. In *Whittaker* v. *Howe*, 3 Beav. 383, an agreement by a solicitor not to practise as solicitor in Great Britain for twenty years without the consent of the plaintiff, to whom he had sold his business on those terms, was held to be valid, and an injunction was granted to prevent breach. There the restraint was not unlimited, but plainly it might have lasted for years after the plaintiff's death. The contract is necessarily subject to a natural limitation, since it must terminate with the life of the party restrained, and,

abstractly, there is no presumption that he will outlive the other party. It probably seldom happens that it makes any real difference whether the restraint is limited to the life of the party who profits by it, or is left without limitation ; since the physician, lawyer, or trader who sells out his business in one place to engage in it elsewhere, is not likely after a few years, if he has any ability, to want to break up and return to his old home and then start anew. The tree that is transplanted and retransplanted after coming into fruit is not often the better for it, and it may be questioned whether this consideration is not of itself reason enough for allowing the parties to suit themselves.

In *Hastings* v. *Whitley*, 2 Exch. Rep. 611, the defendant had given his bond not to carry on the business of surgeon or apothecary at a particular place. In suit thereon by the executors of the obligee the bond was held to be good. The report states that one of the points for the defendant was that the bond was illegal and void if it should be construed to extend to the defendant's practising his profession after the obligee's death. The court held that the obligation was coextensive with the life of the obligor, and Parke, B., in giving judgment said : " It was held in *Hitchcock* v. *Coker*, that there was nothing illegal in the restriction being indefinite as to duration, the same being in other respects reasonable." The counsel for the defendant suggested in the course of the hearing the distinction which is here attempted, and the same judge replied, " What is the difference ? The goodwill of an apothecary is often disposed of," and the court took no further notice of it, though the restraint extended to the business of the defendant as a surgeon as well as to his business as an apothecary, if it can be supposed that Baron Parke meant to say that the calling of an apothecary is a mere trade.

The case, among the cases cited for the defendant, which comes nearest to an authority for him, is *Mandeville* v. *Harman*, 7 Atlantic Reporter, 37. In that case the defendant had covenanted not to engage in the practice of medicine or surgery in the city of Newark at any time afterwards. The suit was in equity by the covenantee for an injunction. The court refused the injunction, on the ground that whether a restraint so unlimited as to time is reasonable or not, had never been decided in that State. The court

did not decide that such a restraint is invalid, though its intimations were adverse to it. It referred to *Keeler* v. *Taylor*, 53 Pa. St. 467, as holding that such contracts, if not limited to a reasonable time as well as confined to a reasonable space, are void at law. We have not been able to find any such doctrine in *Keeler* v. *Taylor*. The injunction was refused there because the terms of the contract were hard and complex, the injunction being, in the opinion of the court, of grace, not of right. In *McClurg's Appeal*, 58 Pa. St. 51, which was in all points almost identical with the case at bar, the same court, which had previously decided *Keeler* v. *Taylor*, granted an injunction with very strong remarks in favor of the jurisdiction. See Per Sharswood, J., p. 55. *Mandeville* v. *Harman* was a hard case for the defendant.

Our conclusion is, that it is not a sufficient reason for refusing the injunction that the contract is unlimited as to time. In this State the common law and chancery jurisdictions are vested in the same tribunal, and it is the practice of the court, sitting in equity, to decide questions of law, as well as of equity, for itself, and to grant or refuse relief according as it decides them.

The defendant contends that it is not a breach of the contract for him to visit his old patients in Pawtucket when summoned by them from Providence. We think it is clearly a breach, his contract being not to engage at any time in the practice of medicine or surgery in the city of Pawtucket. It is true that the complainant may not get the patients if the defendant does not visit them, but it is the chance of getting them from the defendant's not practising in Pawtucket which the complainant purchased, and this chance we think he is entitled to have secured to him.

*Demurrer overruled.*

*William H. Clapp*, for complainant.
*James M. Ripley & Nathan W. Littlefield*, for respondent.