FRANK RUGGIERO & another *vs.* JAMES L. SALOMONE.

Suffolk.   January 9, 1924. — February 28, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Contract,* Performance and breach. *Good Will. Equity Jurisdiction,* To enjoin violation of provision of contract of sale prohibiting interference with business sold.

A master, to whom was referred a suit in equity against one who had sold to the plaintiff a hair dressing parlor or barber shop situated at 48 Summer Street in Boston and conveyed it by a bill of sale which included the good will of the shop and a covenant by the defendant that he would " not engage in the barber business either as an owner or part owner, within a radius of one mile of No. 48 Summer Street, Boston, for a term of five years from date of this instrument," found that the defendant was employed in another barber shop about three hundred feet distant from the plaintiff's shop, which was owned by partners, one of whom wished to sell his interest to the defendant; that by reason of a refusal of the plaintiff to release the defendant from his covenant, an

arrangement was made whereby the partner who wished to sell to the defendant had taken a position where the defendant formerly was employed and the defendant had taken the partner's position without purchasing his interest. The master further found that the personality of the defendant was such as to attract customers generally to any shop in which he was owner or manager, and that some of the defendant's personal customers at the shop which he had sold to the plaintiff already had followed him to the new shop, which had taken trade from the plaintiff and had impaired the good will. *Held,* that a final decree, enjoining the defendant from carrying on business not only as proprietor, member of a partnership or shareholder, but also as an employee or voluntary assistant in the barber shop three hundred feet from the location of the shop sold " or at any place within a radius of one mile of " that shop " for a term of five years from " the date of the bill of sale to the plaintiff and " from doing any act or thing to injure, impair, or interfere with the " plaintiff's good will, in the circumstances was not wrong in applying the same measure of space and time to the defendant in his work as a journeyman or voluntary assistant as the plaintiff and defendant agreed upon as adequate when applied to protection from the results of whole or part ownership by the defendant.

BILL IN EQUITY, filed in the Superior Court on July 16, 1923, seeking to enjoin the defendant, who, on October 25, 1922, had sold to the plaintiff the business and good will conducted by him as a barber shop at 48 Summer Street in Boston, " from carrying on or conducting in any capacity either directly or indirectly, whether as sole proprietor, a member of a partnership or as a shareholder, or employee, a hair dressing parlor or barber shop at number 104 Summer Street, . . . or anywhere else within the radius of one mile of 48 Summer Street, . . . for a term of five years from October 25, 1922," and " from doing any other act or thing to injure, impair, interfere with or derogate from the " plaintiffs' " good will in their business " conducted at 48 Summer Street.

The suit was referred to a master. Material findings by the master are described in the opinion. There were no exceptions to the report. By order of *Sisk,* J., there were entered an interlocutory decree confirming the report of the master and a final decree enjoining the defendant " from carrying on or conducting in any capacity either directly or indirectly, whether, as sole proprietor, a member of a partnership or as a shareholder, employee or a volunteer assistant in a barber shop at number 104 Summer St., in said Boston

or at any place within a radius of one mile of 48 Summer St., in said Boston for a term of five years from October 25th, 1922," and "from doing any act or thing to injure, impair, or interfere with the complainants' good will in their barber business now conducted at 48 Summer Street, in said Boston"; and awarding the plaintiffs damages in the sum of $55 and their costs. The defendant appealed.

*D. H. Fulton*, for the defendant.

*J. J. Bacigalupo*, for the plaintiffs, submitted a brief.

PIERCE, J. This is a bill in equity to restrain the defendant from carrying on or conducting in any capacity, either directly or indirectly, whether as sole proprietor, a member of a partnership, or as a shareholder, or employee, a hair dressing parlor or barber shop at No. 104 Summer Street, Boston, or anywhere else within a radius of one mile of No. 48 Summer Street in said Boston, for a term of five years from October 25, 1922.

Upon the filing of the answer, the case was referred to a master. His report, to which both parties waived the right to file objections, in substance shows that for some years before October 25, 1922, the defendant had a barber shop at No. 48 Summer Street, Boston; that on that day he sold it to the plaintiffs for $7,000, by a bill of sale of all the right, title and interest of the defendant in the barber shop, "including good will" and the enumerated tangible stock in trade; that the bill of sale under seal also contained a covenant that the defendant would "not engage in the barber business either as an owner or part owner, within a radius of one mile of No. 48 Summer Street, Boston, for a term of five years from date of this instrument." The report further discloses that the defendant, without complaint of the plaintiffs, worked as a floor director and journeyman barber at Filene's barber shop from April, 1923, until July 1, 1923; that since July 2, 1923, he has been at work at No. 104 Summer Street at a shop which is distant three hundred feet east of the plaintiffs' shop; that the shop at No. 104 Summer Street and that of the plaintiffs are to some extent competitors; that the shop at No. 104 Summer Street was owned by Polcari and Genneally; that they quarreled, and

Polcari wished to sell and the defendant desired to buy his interest; that Polcari and the defendant unsuccessfully negotiated with the plaintiffs to see on what terms the plaintiffs would allow the defendant to enter the business; that when the defendant left Filene's and went to No. 104 Summer Street, Polcari left No. 104 Summer Street and took the defendant's place at Filene's at $28 a week; that Polcari pays the defendant $20 a week and receives one half of the profits of the business; that the defendant has not bought the interest of Polcari but would quickly come to terms if this litigation was out of the way; that if the defendant shall become part owner at No. 104 Summer Street and be known to be owner it will divert a substantial part of the plaintiffs' customers; that the defendant is a man likely to impress himself favorably upon customers, be noticed and remembered by them, and would attract customers generally to any shop in which he was owner or manager; that some of the defendant's personal customers at the old shop have already followed him to the new one, and that this has taken away trade that belonged to the plaintiffs and has impaired their good will.

The defendant, in support of his appeal, contends that the decree is inequitable in the extent of territory within which he is prohibited from working at his trade. He makes no claim that the decree improperly enjoined him from engaging in the barber business, as owner or part owner, within a radius of one mile of No. 48 Summer Street, Boston, for a term of five years from October 25, 1922; and he does not dispute the propriety of the decree enjoining him from doing any act or thing to injure, impair or interfere with the plaintiffs' good will in the barber shop now conducted at No. 48 Summer Street, Boston.

In view of the finding of the master that the personality of the defendant would attract customers generally to any shop in which he was owner or manager, and upon consideration of the fact that personal customers have followed him from the old to the new shop to the impairment of the good will of the old shop, we think it cannot fairly be said that the decree was wrong in applying the same measure

of space and time to the defendant in his work as a journey-
man or volunteer assistant, which the defendant and plain-
tiffs agreed upon as adequate when applied to the protection
of the business against the influence which they supposed
would accompany and flow from the whole or part ownership
of such a shop by the defendant. *Rosenberg* v. *Adelson,* 234
Mass. 488. *Old Corner Book Store* v. *Upham,* 194 Mass. 101.

*Decree affirmed.*