## HILL v. CENTRAL WEST PUBLIC SERVICE CO.*

Circuit Court of Appeals, Fifth Circuit. January 30, 1930.

No. 5561.

Henri Louie Bromberg, of Dallas, Tex. (J. Hart Willis, of Dallas, Tex., J. W. Madden, of Crockett, Tex., and McCormick, Bromberg, Leftwich & Carrington, of Dallas, Tex., on the brief), for appellant.

*Rehearing denied March 7, 1930.

Will R. Harris, of Dallas, Tex. (Thompson, Knight, Baker & Harris, Alex F. Weisberg, and Will R. Harris, all of Dallas, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. The appellee, a corporation, became the assignee or successor of an individual who, in May, 1928, pursuant to an option given in February, 1928, purchased the properties located in Dallas, Tex., of the Texas Ice & Cold Storage Company, and the good will of that company (herein referred to as the Ice Company), which prior to the sale of its properties was engaged in the manufacture and sale of ice. A feature of the contract of sale referred to was that the Ice Company and its officers and stockholders, one of whom was the appellant, C. B. Hill, joined in that contract, and agreed with the purchaser, his assigns or successors, that each of them will not engage, directly or indirectly, for a period of five years in the state of Texas from the date of said contract of sale in any line of business in which the company was engaged at the time of the making of the above-mentioned option agreement, either individually, or as members or employees of any copartnership, or as officers, directors, stockholders or employees in any corporation. The bill in this case was filed by the appellee against the appellant on October 1, 1928. It contained allegations to the effect that at the time the bill was filed appellant was commencing to erect in the city of Dallas an ice plant in which he intends to conduct and operate a business for manufacturing and selling ice unless he is restrained and enjoined from doing so. The bill prayed an injunction restraining appellant, his agents, employees, or associates, from erecting the plant mentioned, or any plant or building in Dallas or elsewhere in Texas for the manufacture or sale of ice, or from engaging, in the city of Dallas or elsewhere in the state of Texas, for the above-mentioned period of five years, in any line of business in which the Ice Company was engaged on or about February 21, 1928. By his answer to the bill appellant admitted that he was engaged in the construction of an ice plant in the city of Dallas, and that he proposed to engage in the ice business. The granting of the relief sought was resisted on the grounds: (1) That the covenant not to engage in the lines of business mentioned was invalid because that covenant undertook to make the restraint operative throughout the state of

Texas, though the business of the Ice Company and its good will were confined to the city of Dallas and some nearby territory; and (2) that the agreement containing the restrictive covenant mentioned was void by reason of it being part of a plan or scheme to place all properties used in the ice business in the city of Dallas under one management, control, agreement, or understanding with a view to establishing a monopoly of said business in that city. Provisions of the decree appealed from in effect prohibited the doing anywhere in the state of Texas what was in conflict with the terms of the above-mentioned agreement as to not engaging in any line of business in which the Ice Company was engaged.

The business of the Ice Company was predominantly local, most of its product having been sold in the city of Dallas and its vicinity. Occasionally it sold ice in other parts of Texas. It is apparent that a main purpose of this suit was to prevent the appellant from violating his agreement by engaging in the ice business in the city of Dallas. A seller of a business and its good will may validly bind himself for a reasonable time not to engage in the same business where by so doing the value of the sold business would be interfered with. When such an agreement extends the area of the restraint beyond the territory within which the engaging in the same business by a seller would be likely to affect the value of the sold business, it is unenforceable to the extent that the restraint is greater than is required to preserve to the purchaser what the latter acquired by his purchase. But we are of opinion that the restraint imposed by the provision in question was enforceable to the extent it was reasonable. For the protection of the appellant from subjecting himself to a restraint which is unreasonable, it is not necessary that he be enabled to escape compliance with his agreement in so far as the restraint of trade provided for is reasonable. The appellee would be deprived of part of the benefit of its purchase if the appellant is permitted to compete with it by engaging in an ice business in the city of Dallas. The appellant could bind himself to refrain from competition in the city of Dallas with the purchaser or his assign. Though the agreement as to not engaging in any line of business in which the Ice Company was engaged was not effective throughout the territory mentioned in the agreement, we think it was valid and effective to bar the appellant from engaging in such business in the city of Dallas, the principal place of business of the Ice Company, and the scene of the alleged and admitted violation of his agreement by the appellant. Edgecomb v. Edmonston, 257 Mass. 12, 153 N. E. 99; Oregon Steam Navigation Co. v. Winsor, 20 Wall. 64, 22 L. Ed. 315; Cropper v. Davis (C. C. A.) 243 F. 310.

The court found against the contention to the effect that in acquiring the properties and good will of the Ice Company the appellee was a participant in a scheme or plan to monopolize the sale of ice in the city of Dallas. We do not think that the evidence was such as to warrant this court in setting aside that finding. There is no occasion to set out or discuss the voluminous evidence.

We think that in territorial scope the injunction granted went beyond what was required to protect appellee from the wrong complained of. The decree is modified by making the prohibitions of the injunction granted applicable to the city of Dallas, instead of to the entire state of Texas. This modification is to be without prejudice to the right of the appellee to seek relief for a breach of the agreement by the appellant other than the one complained of by the bill in this case. As so modified, the decree is affirmed.

