CHRISTIAN H. WERNER, Appellant, Respondent, v. WINTHROP GARDINER, Respondent, Appellant, and C-Y CHOCOLATE YEAST COMPANY, INC., Defendant. (Action No. 1.) CHRISTIAN H. WERNER, Appellant, Respondent, v. WINTHROP GARDINER, Respondent, Appellant, and C-Y CHOCOLATE YEAST COMPANY, INC., Defendant. (Action No. 2.) — Orders unanimously affirmed, without costs. No opinion. Present — Young, Kapper, Hagarty, Carswell and Davis, JJ.

WIDDER DYE & CHEMICAL CO., INC., and SAMUEL WEISS, Appellants, v. UNITED STATES MARKING TAG CO., INC., and Another, Defendants, Impleaded with JOSEPH A. PERLSTEIN, Respondent.— Order dismissing the complaint reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order herein, on the ground that the complaint states facts sufficient to constitute a cause of action. There is sufficient allegation of consideration in the complaint, and evidence to support this allegation will be admissible although the agreement itself may not show mutual promises or undertakings. (*Hocking Valley Railway Co.* v. *Barbour*, 190 App. Div. 341.) The agreement is not necessarily unenforcible because its restrictive effect is too extensive. It may be enforced as far as is necessary to protect the plaintiffs from competition. (*Ru Ton* v. *Everitt*, 35 App. Div. 412; *Edgecomb* v. *Edmonston*, 257 Mass. 12; *Hill* v. *Central West Public Service Co.*, 37 F. [2d] 451; *Oregon Steam Navigation Co.* v. *Winsor*, 20 Wall. 64.) This is a question to be determined after the facts are established on a trial. (*Aero-Bocker Corporation* v. *Axelrod*, 136 Misc. 521.) The complaint states substantially but one cause of action and can be answered without prejudice or embarrassment to the defendants. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Kapper, J., dissents and votes to affirm.