Defendant sold to plaintiff Goldstein his one-half interest in a partnership business, theretofore conducted in the borough of Queens by him and Goldstein. Defendant covenanted not to engage in a similar line of business either as owner or as employee for twenty years. There was no territory named in which the restriction was to operate. Thereafter the defendant engaged in a similar business, either as owner or employee, in the borough of *972 Brooklyn. In this action to restrain the defendant from violating his restrictive covenant, judgment was rendered for plaintiffs only to the, extent of enjoining defendant from soliciting the customers of the former partnership as of the date of the dissolution. Judgment modified on the law and the facts by inserting therein an additional decretal paragraph to the effect that within the city of New York defendant is restrained from violating his covenant against engaging in the prohibited business. As so modified, the judgment, insofar as appealed from, is unanimously affirmed, with costs to appellants. The agreement is not necessarily unenforcible because its restrictive effect is too extensive as to area. It may be enforced as far as is necessary to protect the plaintiffs from competition of defendant. (Widder Dye & Chemical Co. v. United States Marking Tag Co., 241 App. Div. 703; Bu Ton v. Everitt, 35 App. Div. 412; Edgecomb V. Edmonston, 257 Mass. 12, cited with approval in Interstate Tea Go. V. Alt, 271 N. Y. 76; Prame V. Ferrell, 166 F. 702, certiorari denied, 215 XI. S. 605; Bill v. Central West Public Service Go., 37 F. 2d 451.) There were sufficient facts established upon the trial to warrant the conclusion that the. parties intended that the covenant should operate within the city of New York. The rule that covenants restraining one from entering into certain employment will not be enforced where the services are not special, unique, or extraordinary (Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312) does not apply where the restrictive covenant is made in connection with the sale of a business. (Fintz v. Levy, 221 App. Div. 583; Buggiero v. Salomons, 248 Mass. 237.) Present — Hagarty, Acting P. J., Carswell, Johnston and Nolan, JJ.; Aldrich, J., deceased.