MAX BEIT ET AL. v. SEYMORE J. BEIT

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 17282

Memoranda filed October 15 and November 4, 1947.

*Charles Suisman,* of New London, for the Plaintiffs.

*Hull, McGuire & Hull,* of New London, for the Defendant.

INGLIS, J. This is an an action for a declaratory judgment determining whether or not a restrictive covenant as to engaging in business is legal and enforceable.

Prior to July 31, 1945, the plaintiffs, who are husband and wife, each owned an undivided one-sixth interest in a partnership doing business under the name of Beit Brothers. The other partners in the business were two brothers of Mr. Beit and their respective wives. As of July 31, 1945, by bills of sale dated October 23, 1945, each of the plaintiffs sold to the defendant, who was the son of one of the other couples who made up the partnership, his or her interest in all of the assets of the business of the partnership. In each of the bills of sale was the following provision: "I further expressly covenant and agree with

this vendee, his heirs and assigns not to engage in the meat market or grocery business within the limits of New London County, Connecticut, for a period of thirty years from this date." It is the purpose of this action to determine the validity of that covenant.

At the time of the sale, the partnership was engaged in the business of selling groceries, vegetables, meats and dairy products at retail, and at wholesale in the sense that they sold to restaurants and hotels at reduced prices. They conducted three stores: one on North Thames Street, Norwich; one on Franklin Square, Norwich; and one on Main Street in New London. In addition they operated a small abattoir in Preston and had a warehouse in Norwich. The business was an old established concern, having been operated in one or more of the stores for about thirty years and having been known as Beit Brothers since 1923 in Norwich and since 1926 in New London. The North Thames Street store was small and carried meats mainly. The other two stores were large and were operated as self-service and almost exclusively "cash and carry" stores. What charge accounts there were, were with a very few very old customers and with a few hotels and restaurants. They maintained no delivery service.

There is no credible evidence that, except for a few hotels and restaurants and for a few transients, the Norwich stores had any customers outside of Norwich and the immediately contiguous towns, or that the New London store had any customers from outside New London, towns contiguous thereto, and Mystic. Although in a sense Norwich is the trading center for the northern part of New London County, and New London is the trading center for the southern part, that does not apply to the retail provision business. The purchase of meats, groceries and vegetables by residents of the outlying towns is done nearer home. A retail provisions store located in Old Lyme, Lyme, Salem, Colchester, Lebanon, Griswold, Voluntown, North Stonington or Stonington is in competition with such a store in Norwich or New London only to a negligible degree, if at all. That would be particularly true with reference to cash and carry stores located in Norwich or New London.

At the time of the sale, the named plaintiff was forty-five years of age. Accordingly, the restriction against his entering business for thirty years was for him a lifetime restriction, and

that term was fixed with exactly that in mind. He had been in the meat and grocery business since boyhood and knew no other business. There were no secret processes or trade secrets in the business theretofore conducted by the partnership which it would be harmful to the partnership to have disclosed.

The question of the validity of the restrictive covenant turns on the question whether it was reasonable under the circumstances. Such a restriction is unreasonable and therefore invalid if it is greater than is required for the reasonable protection of the purchaser or if it imposes an undue hardship upon the covenantor or if it affects the public as a whole injuriously. Restatement, 2 Contracts, § 515; 5 Williston, Contracts, (Rev. Ed.) § 1636; 17. C. J. S., § 247; *Cook* v. *Johnson,* 47 Conn. 175, 176; *Styles* v. *Lyon,* 87 Conn. 23, 27; *Milaneseo* v. *Calvanese,* 92 Conn. 641; *Samuel Stores, Inc.* v. *Abrams,* 94 Conn. 248, 252; *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn. 515, 519. There is some dictum to the effect that restrictions in contracts of sale are treated more liberally than those in contracts between employer and employee (cf. *Samuel Stores, Inc.* v. *Abrams,* supra 253), but the ultimate test in the case of any such restriction is whether it is reasonable. And the test is whether it is reasonable in the light of conditions as they are at the time of the contract and not in the light of what they may become in the future. *Cook* v. *Johnson,* supra.

Applying the test of reasonableness to the restriction in question, it was of course reasonable that the defendant should have protection against the possibility of either of the plaintiffs setting up a business which would be in competition with that which was to be continued by the partnership. The fact that if either of the plaintiffs inaugurated a new business it would probably be under the name of Beit and thereby possibly cause confusion with the partnership name might well justify a restriction somewhat more extended as to space and time than would otherwise be justified. On the other hand, taking all things into consideration, it is inconceivable that, the business of the partnership being a retail business and particularly a "cash and carry" business for the most part, a new business, even of the same nature, located outside the locality from which the partnership customers came would offer any real competition to the partnership. There is a vast area of New London County outside that locality. In the same way, thirty years is a long period of time. No other similar case, that is the sale of a retail busi-

ness, has been found in which a restriction for that length of time has been held valid. Certainly in the present case a restriction for thiry years was more than was necessary to prevent competition as to the good will of the business as it existed on July 31, 1945. Accordingly, it is apparent that the restriction in question was much greater both as to space and as to time than was reasonably necessary to protect the legitimate interests of the defendant.

Moreover, the restriction, by keeping the plaintiff Max Beit out of the business he knew best for the remainder of his life, works an undue hardship on him.

It is concluded that the restriction is unreasonable and therefore invalid.

The defendant makes the contention that, if the restriction is invalid as against public policy, the plaintiffs, under well established principles of the law, can seek no relief because they are in pari delicto. The answer to that is that the plaintiffs are not seeking to enforce the illegal contract or to recover any thing done or paid under it. They are seeking to avoid it. And, in particular, they are not now seeking any affirmative relief. All they ask is a declaratory judgment as to the rights of the parties under the restrictive covenant.

Judgment may enter finding that the restrictive covenants referred to in the complaint are unreasonable and declaring that they are invalid and unenforceable. No costs will be taxed in favor of either party.

## SUPPLEMENTAL MEMORANDUM OF DECISION

On October 15, 1947, judgment was directed in this case finding that the restrictive covenants referred to in the complaint are unreasonable both as to place and time and declaring that they are invalid and unenforceable. On the trial, no contention was made that if the covenants were found to be unreasonable because they covered too much territory they might be enforced within such territory as might be reasonable. In order to make such a claim the defendant has now moved that the "judgment be reopened so that it will declare that the restrictive covenant as to engaging in business is valid and enforceable in the Towns of Norwich and New London and the other towns immediately contiguous thereto."

In the original memorandum, no specific finding was made that the covenants would have been reasonable so far as restric-

tion of territory is concerned if they had limited such area to Norwich and New London and the towns immediately contiguous thereto. It was simply found that any business set up by the plaintiffs outside of those towns would not be in competition with the defendant. In order, therefore, to make the record complete, it is now found that they would have been reasonable restrictions so far as territory is concerned if they had forbidden the plaintiffs to engage in the lines of business mentioned within said towns.

There seem to be three lines of authority as to the effect of a conclusion that such a restrictive covenant is invalid because it is not reasonably limited as to space. One of these rules is that the covenant is completely invalid and unenforceable. The second is that, if the territory specified in the contract is by the phraseology of the contract so described as to be divisible, the contract is separable and may be enforced as to such portions of the territory so described as are reasonable. This is the so-called blue-pencil rule and applies only to cases where the contract in terms specifies several distinct areas, so that by erasing the description of one or more of those areas there is left the description of an area for which the restriction is reasonable. The third rule is that, even though the territory is not divisible in the wording of the contract, nevertheless it will be enforced as to so much of the area included as would have been reasonable area to make the restrictive covenant apply to.

The covenants involved in the present case are that the respective plaintiffs will not "engage in the meat market or grocery business within the limits of New London County, Connecticut." It is apparent that this covenant is not in its description of the territory divisible in the terms of the contract. Its terms cover New London County as a whole. It does not list the separate towns of the county so that by erasing some of the towns named there could be left the names of the towns (or any description of a narrower territory) for which the restriction would be reasonable. It does not even provide for the restriction to be in force "in any town or towns of the County" so as to come within the decision in *Trenton Potteries Co.* v. *Oliphant,* 58 N. J. Eq. 507, 513, which holds that territory described as "within any state in the United States" is divisible into individual states, which is carrying the doctrine of separability to the extreme. It is clear therefore that if the present covenants are enforceable at all it can be only by adopting the third line of authorities above referred to as the law of the case.

This rule is argued for by Williston (5 Contracts [Rev. Ed.] § 1660). Of all of the cases cited or found, however, there are only two which announces this rule. One of these, *Edgecomb* v. *Edmonston*, 257 Mass. 12, 21, arrives at its holding by relying on the English cases which adhere to the second rule, the rule of divisibility of territory, and arguing that territory described in the contract as "within the Commonwealth of Massachusetts" is divisible into separate territories each consisting of a locality. This argument misses the point of the divisibility rule which is that where several territories are separately described in the contract, the court can eliminate some of those territories and make the contract apply to what is left without rewriting the contract. That is, the court upholds the contract insofar and only insofar as it is valid. Whereas, to arbitrarily divide the phrase "Commonwealth of Massachusetts" by making it read "in any of the separate towns (or localities) in Massachusetts" is clearly making a new contract for the parties. The other case which upholds this view is *Hill* v. *Central West Public Service Co.*, 37 F. 2d 451. The opinion in this case is not well reasoned but rests on the holding of *Edgecomb* case, supra.

Other cases cited in support of the rule do not actually support it. For instance, in both *John T. Stanley Co.* v. *Lagomarsino*, 53 F. 2d. 112, and *J. L. Davis, Inc.* v. *Christopher*, 219 Ala. 346, the situations were not ones in which a contract was held invalid in part and valid in part, but in which interpretation of the contracts involved it was held that the whole contract was valid. And in *Metropolitan Ice Co.* v. *Ducas*, 291 Mass. 403, the contract as written by the parties was held to be valid and the division of territory came only in that its discretion the court of equity deemed it essential only to enjoin a breach within a portion of the territory described. Similarly, as relating to the duration in time of a restrictive covenant, the case of *Styles* v. *Lyon*, 87 Conn. 23, upon its construction of the contract held the covenant valid but indicated (p. 30) that, if after a lapse of time conditions changed so that the enforcement of the covenant would work undue hardship on the covenantor and would be of little value to the covenantee, that would justify a court of equity in refusing to enforce it further. Substantially the same thing is indicated in *Cook* v. *Johnson*, 47 Conn. 175, 178. With these distinctions in mind, it is clear that none of these cases furnishes any support for the rule that, if the territory as described in the restrictive covenant is one

single territory not separable in terms and is so wide that the covenant is invalid, still the court may divide it and enforce it insofar as it would have been valid if the parties had written it that way.

The difficulty with the rule is that in order to apply it the court must write a new contract for the parties. That no court should do.

The second rule referred to above, that is the rule of divisibility, is the one laid down in the Restatement, 2 Contracts § 518. In spite of a dictum in *Samuel Stores, Inc.* v. *Abrams,* 94 Conn. 248, 256, which supports the first rule above stated that an invalid covenant is entirely unenforceable, the case of *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn. 515, 520, indicates that this state will follow the divisibility rule as laid down in the Restatement. Even if that is the law in this state, however, it avails the defendant here nothing. The description of the territory as contained in these covenants is not divisible under that rule.

It is therefore concluded that the covenants in suit are invalid and unenforceable in any particular.

Accordingly, the judgment entered October 15, 1947, is opened, the former memorandum of decision is refiled as of this date as a part of this memorandum, and judgment may enter as of this date as directed in the original memorandum.