RALPH FERRONE *vs.* VINCENT MUCCI.

Middlesex.     November 5, 1956. — November 30, 1956.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Contract,* Agreement not to compete. *Equity Jurisdiction,* Agreement not to compete.

In a suit in equity by a purchaser against the seller of a barber shop, who had opened another barber shop one and seven eighths of a mile in a straight line from the shop sold, to enforce a promise by the defendant not to compete with the plaintiff within a radius of four miles of the shop sold, a decree enjoining the defendant from engaging in the barbering business within a radius of two miles of the shop sold was erroneous where there was no basis for disturbing a finding by a master that "a restraint . . . limited to a radius of one mile . . . would be sufficient to protect the plaintiff"; the bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court on January 10, 1956.

The suit was heard by *Paquet*, J., on a master's report.

*Louis Karp*, for the defendant.

No argument nor brief for the plaintiff.

WHITTEMORE J.    This is a bill in equity to enforce an agreement of the defendant made in the bill of sale of a barber shop, dated May 25, 1955, "not to compete with . . . [the plaintiff] in the barbering business for a period of four years nor within a radius of four miles of 1159 Broadway, Somerville," and "not to accept employment with any other barber" within that time and area.

The case was referred to a master who found that the defendant within seven months of the sale had opened a barber shop, which was one and seven eighths miles in a straight line and two and one half miles along the shortest travelled route from the plaintiff's shop, that none of the defendant's former customers had followed the defendant to his new place of business, and that "There was no evidence that the business of the plaintiff suffered as a result of the defendant's opening of his barber shop." He found also that the defendant's business is not competitive with the plaintiff's business, and that "In so far as it is a question of fact . . . a restraint if limited to a radius of one mile and enforced within that space would be sufficient to protect the plaintiff." He also "recommended that the negative covenant . . . be modified to a radius of one mile and that the bill of the plaintiff be dismissed."

The master's report was confirmed. The final decree, entered March 22, 1956, enjoined the defendant "from engaging in the barbering business . . . within a radius of two miles of 1159 Broadway, Somerville . . . for a period of three years next succeeding the date of the entry of this decree."

The defendant's appeal from this decree must be sustained. There is nothing to show that the factual conclusion of the master as to the extent of the competitive area was wrong; there is no basis for a different conclusion. *Perry* v.

*Oliver,* 317 Mass. 538, 538. It is well established that a "contract in restraint of trade in which the territory is unreasonably extensive may be divisible as to space and enforced in equity within a reasonable area. *Edgecomb* v. *Edmonston,* 257 Mass. 12." *Whiting Milk Co.* v. *O'Connell,* 277 Mass. 570, 574. *Cedric G. Chase Photographic Laboratories, Inc.* v. *Hennessey,* 327 Mass. 137, 139. *Thomas* v. *Paker,* 327 Mass. 339.

The final decree is reversed and a new final decree is to be entered dismissing the bill of complaint with costs to the defendant.

*So ordered.*