262 A.2d 839.

GIOACCHINO MENTO *vs.* ANTHONY M. LANNI, JR.

MARCH 10, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The plaintiff brought this complaint to enforce an agreement, made by the defendant in the bill of sale of a barber shop, that he would not open another barber shop under the same name or any other name within a two-mile radius of the shop sold by defendant to the plaintiff. After a hearing on the merits a judgment was entered in the Superior Court enjoining the defendant in accordance with the findings in the trial justice's decision. The case is here on the defendant's appeal from that judgment.

On April 12, 1963, plaintiff purchased from defendant a barber shop located at 446 Branch Avenue in the City of Providence for $500.[1]

After the sale defendant operated a barber shop in Providence at the Wayland Manor until 1966 in which year he moved his barber shop to the Biltmore Hotel in downtown Providence. On June 22, 1968, defendant opened a one-man barber shop on Barrett Avenue, in the town of North Providence, at a location between $1\frac{5}{8}$ and 2 miles away from the shop which he had sold to plaintiff.

On June 27, 1968, plaintiff filed the instant complaint alleging in substance that defendant opened the Barrett Avenue shop, and is operating the same, in breach of his agreement, under the name of "Lanni's Barber Shop." He requested that defendant be permanently enjoined from

---

[1]The agreement of sale reads as follows:

"Whereas, Anthony Michel Lanni Jr., hereinafter called the seller, is the owner of Lanni's Barber Shop located at 446 Branch Avenue in the City of Providence, State of Rhode Island;

"and whereas, Gioacchino Mento, hereinafter called the buyer, is desirous to buy said barber shop from above mentioned Anthony Michel Lanni, Jr.

"it is now therefore agreed as follows:

"The Seller, Mr. Anthony Michel Lanni Jr., sells said barber shop therein to Mr. Gioacchino Mento for the total purchasing price of $500.00 (Five Hundred Dollars) which sum is given to the seller, Mr. Anthony Michel Lanni, Jr. on this date April 12, 1963.

"It is understood by this agreement that Mr. Anthony Michel Lanni, by relinquishing all his rights on said barber shop, will not be able to open another Barber shop under the same name or any other name within two (2) mile radius from present location.

"Received payment of $500.00 for above this date April 12, 1963.

[signed] "Anthony Michael Lanni Jr.
"Anthony Michel Lanni, Jr.

"Witness:

"1. Domenico Gianfrancesco [signed]

"Sworn and subscribed to before me this 12th day of April .1963.

[signed] "Claude L. Campellone
"Claude L. Campellone
Notary Public"

operating the new shop. At the hearing in the Superior Court plaintiff testified that at the time he took over the Branch Avenue shop it was a one-man operation; that since then his business has increased to the point where he uses three men; that he used the name "Lanni Barber Shop" [sic] for about a year after he bought the shop and then changed it to "Jack's Barber Shop"; and that he had lost about 20 customers after defendant opened the Barrett Avenue shop.

The plaintiff identified 17 of the 20 customers, whom, he claimed, he had lost. Some of these had been regular customers of defendant before he sold the Branch Avenue shop, which the Lanni family had operated for about 75 years; some had followed him to the Wayland Square shop; some did not follow him to the Biltmore shop and returned to plaintiff; some were related to defendant. In reply to a question during cross-examination, plaintiff stated that he did not know where any of these customers went.

In his decision the trial justice noted that, although the agreement was apparently drawn by an insurance agent known to plaintiff, the provision which precipitated this action was not ambiguous. He was referring to the provision under which the seller had agreed he would not open another barber shop under the same name or any other name within a two-mile radius of the Branch Avenue premises. He stated that there was evidence that plaintiff had lost certain customers since defendant opened the new shop; that some of these bore a close relationship to defendant and others did not; that the two-mile radius was not inherently unreasonable and neither was the unlimited duration of the time restriction. He enjoined defendant from engaging in barbering within a two-mile radius of the Branch Avenue location from and after July 3, 1969, and until such time as plaintiff ceased to conduct a barbering

business at that address and, in the interim, he enjoined defendant from using the name "Lanni" or "Lanni's Barber Shop" in connection with the Barrett Avenue shop. A judgment embodying those orders was entered in the Superior Court and defendant thereupon filed the instant appeal.

The defendant contends that the unlimited time restriction resulting from the failure to specify a time limit in the agreement of sale is, in the circumstances of this case, invalid as being beyond that reasonably necessary to protect the buyer. He argues that, in a situation such as the one in the case at bar, it would be unreasonable to impose a restriction upon him which is universal in time. The plaintiff agrees that the test is one of the reasonableness of the restriction under the circumstances of the particular case. He argues that it was not unreasonable under all the circumstances for the restriction as to time to be unlimited.

The only question before us is whether the trial justice erred in holding that, in the circumstances of this case, it was not unreasonable for the restriction as to time to be unlimited. In our judgment he erred.

We shall assume for the purposes of this discussion that, although not mentioned in the agreement, a transfer of the good will of the Branch Avenue business was implicit in the agreement of sale and that a portion of the $500 purchase price was in payment for the good will.

The parties have presented no case in this state, and neither have we found any, dealing with restrictive agreements in the sale of a barber shop. However, cases involving analogous problems enunciate general principles which we believe are applicable to the case at bar.

Seventy-five years ago the court was presented with a similar problem in *Oakdale Manufacturing Co. v. Garst,* 18 R. I. 484, 28 A. 973. That case involved a bill in equity to enjoin the respondent from violating his covenant that

he would not engage or be concerned in, directly or indirectly, the manufacture or sale of butterine or oleomargarine, for the space of five years from the date of the covenant. The Court granted the relief prayed for and, in discussing the reasonableness of the restriction, said:

> "The test of reasonableness is the test of validity in contracts of this kind. The test is to be applied according to the circumstances of the contract, and is not to be arbitrarily limited by boundaries of time and space. There has been much discussion upon this subject, which need not be repeated. The law has advanced, *pari passu,* with social progress to a point of practical unanimity. The rule, now generally received, has been recognized in this State, that contracts in restraint of trade are not necessarily void by reason of universality of time, *French* v. *Parker,* 16 R. I. 219, nor of space, *Herreshoff* v. *Boutineau,* 17 R. I. 3; but they depend upon the reasonableness of the restrictions under the conditions of each case. The diversity of these conditions produces an apparent diversity of decision, and yet it will be found upon examination that most of the cases really turn upon the reasonableness of the restriction. * * * The contract is to be determined by its subject matter and the conditions under which it was made; by considerations of extensiveness or localism, of protection to interests sold and paid for, of mere deprivation of public rights for private gain, of proper advantage on one side or useless oppression on the other." *Id.* at 489-490, 28 A. at 974-975.

The basic rules are stated as follows in 45 A.L.R. 2d, at pages 99 and 100:

> "[1] * * * in order to be enforceable, the restrictive covenant must contain a reasonable time limitation.
> "[2] * * * the restraint as to time must be necessary in its full extent for the protection of the purchaser or promisee but must at the same time not be too harsh or oppressive on the seller or promisor and must not be injurious to the interests of the general public."

See *Max Garelick, Inc.* v. *Leonardo,* 105 R. I. 142, 146-47, 250 A.2d 354, 356; *North Shore Dye House, Inc.* v. *Rosen-*

*field,* 53 R. I. 279, 166 A. 346; 2 Restatement, *Contracts* §515. See generally Levin, *Non-competition Covenants in New England,* 39 B.U.L.Rev. 482 (1959). For a discussion of the time limit of a restraint as a factor in determining reasonableness, see 6A Corbin, *Contracts* §1391.

The cases, and the authorities who have studied this problem, teach that, since we are dealing with the concept of reasonableness, each case must be judged on its own facts within the framework of the rules discussed above. Thus, the real question before us resolves itself into whether, on the facts of this case, the unlimited restriction as to time was reasonably necessary to protect any interest of the plaintiff. We do not believe it was. Compare *Ferrone* v. *Mucci,* 335 Mass. 87, 138 N.E.2d 601 with *Ruggiero* v. *Salomone,* 248 Mass. 237, 142 N. E. 764. It is certain that plaintiff himself did not consider defendant's former trade name necessary to protect what he bought; he ceased using defendant's trade name about a year after he purchased the shop and instead used the name "Jack's Barber Shop," under which he operated the shop for almost five years to the time the present case was heard. This change in name did not adversely affect his business; the evidence shows that the business increased to the point where he was using three barbers. Nor does it clearly appear that plaintiff had any actual loss of customers to defendant, other than two customers, one of whom was defendant's brother-in-law. In fact, plaintiff testified that he did not know where the customers he lost went.

It is true that the barbering business entails a sort of a personalized relationship between a barber and his customers. However, we feel that with the passage of time, almost five years in this case, it has become unnecessary to enforce the unlimited time restriction in order to protect any interest of plaintiff. We agree with defendant's argument that, in the circumstances here, defendant cannot be con-

sidered to be unreasonably in competition with plaintiff, at least not any more so than if a perfect stranger opened a new barber shop at the Barrett Avenue location. We believe that the unlimited time restriction in this case is unreasonable because it goes beyond any necessary protection which plaintiff might reasonably require, and, thus, without benefiting him, it oppresses defendant unnecessarily. Compare *Herreshoff* v. *Boutineau*, 17 R. I. 3, 19 A. 712.

The plaintiff cites *French* v. *Parker*, 16 R. I. 219, 14 A. 870, to support his position. In that case a doctor sold his medical practice to another doctor, together with some real estate. Over $5,000 of the purchase price was allocated to the medical practice. The seller covenanted not to engage at any time after the sale in the practice of medicine or surgery in the City of Pawtucket. He subsequently resumed practice in said city, and the buyer applied for an injunction. The court held the covenant valid, though unlimited as to time, granted full effect thereto, and said, "Our conclusion is, that it is not a sufficient reason for refusing the injunction that the contract is unlimited as to time." *Id.* at 224, 14 A. at 873.

At first glance it appears that *French* v. *Parker*, *supra*, is dispositive of the case at bar. However, that case is factually distinguishable from the instant case, involving, as it does, the sale of a medical practice, as distinguished from the sale of a barber shop. The relationship between doctor and patient may very well be such that the purchaser might require an unlimited restriction as to time in order to protect his interest. That such should be said of the barber-customer relationship, while personalized to some extent, would be straining the realities of such a relationship. Compare *Newmark* v. *Gimbel's Incorporated*, 54 N. J. 585. 595-598, 258 A.2d 697, 702-703. Also, unlike the case at bar, that case involved the sale of real estate which was not of much value to the purchaser except for

his employing it in his practice. In referring to *French* v. *Parker, supra,* and to other similar cases, Professor Corbin says:

> "It is true that courts have often said that the time element is immaterial if the agreement is reasonable in other respects. It is seldom that these decisions should be disapproved; in none of them does it appear that enforcement was sought at a time after the good will sold would in fact have expired." 6A Corbin, *Contracts* §1391, at 79-80.

Since each case must be decided on its own facts, what might be reasonable in the case of the sale of a medical practice does not necessarily control what is reasonable when a barber shop is sold. See Levin, *supra,* at 521. See also *Validity and Enforceability of Contractual Restrictions on Right to Practise as a Physician, Surgeon or Dentist, etc.,* 58 A.L.R. 156. We hold that the test of reasonableness is the test of the validity of restrictions as to time in contracts of this kind.

Since it is our judgment that the unlimited restriction as to time in the case at bar was unreasonable and since, having in mind all of the facts in the present case, we are of the opinion that a restraint as to time greater than the interval that had elapsed between the agreement and the defendant's opening of a shop within the two-mile radius would be unreasonable, we never reach the question of whether an excessive unseverable non-competition covenant will be enforced to the extent that it is reasonable.

The judgment appealed from is reversed and the case is remanded to the Superior Court for entry of a new judgment in accordance with this opinion.

*Seth K. Gifford,* for plaintiff.

*Alan T. Dworkin,* for defendant.