## SMALLEY v. GREENE.

| 52 | 241 |
|----|-----|
| 92 | 118 |
| 52 | 241 |
| 93 | 480 |
| 52 | 241 |
| 121 | 658 |
| 121 | 662 |

1. **Contract:** ATTORNEY: COLLECTIONS. An agreement by an attorney to turn over to another certain notes held by him for collection is invalid, and damages are not recoverable for its breach.

2. ——: ——: PUBLIC POLICY. A contract not to engage in the practice of law in a particular town is valid and enforceable.

3. ——: STATUTE OF FRAUDS: TIME OF PERFORMANCE. The provision of the statute of frauds respecting contracts not to be performed within a year applies only to contracts not to be performed on either side within that time.

*Appeal from Dallas Circuit Court.*

MONDAY, OCTOBER 27.

THE plaintiff filed his amended petition, alleging that the defendant was engaged in the practice of law in Adel, Dallas county, and on or about the 5th day of April, 1877, the plaintiff and defendant entered into a verbal agreement. by which the defendant agreed to sell his law business to plaintiff, including collections on hand and correspondence, office furniture and good will, the defendant at the same time, as a part of said agreement, agreeing that he would, from and after the 5th day of April, 1877, not continue or engage in the practice of his profession in the town of Adel, in consideration of which agreement the plaintiff agreed to execute and deliver his two promissory notes to the defendant for the sum of one hundred and twenty-five dollars; that at the time of making this agreement the defendant represented to plaintiff that he had on hand for collection and would turn over to plaintiff promissory notes on divers persons, amounting in the aggregate to four thousand five hundred dollars; that on the 5th day of April, 1877, the defendant delivered to plaintiff the office furniture as agreed upon, and the plaintiff, relying upon defendant's representations that he had for collection and would deliver to plaintiff the above mentioned amount of notes, and the further agreement of defendant that he would not again engage in the practice of his profession in the town of Adel, executed and delivered to defendant the promissory notes of

plaintiff for one hundred and —— —— dollars; that the defendant refused to turn over and deliver to plaintiff said notes, or any of them except one for two hundred dollars, whereby plaintiff has sustained damage in the sum of four hundred dollars; that about the —— day of July, 1877, the defendant, in violation of his agreement, entered upon the practice of his profession in the town of Adel, and still continues to so practice, whereby plaintiff has sustained damage in the sum of six hundred dollars. The plaintiff demands judgment for one thousand dollars. The defendant demurred to this petition upon the following grounds:

1. That the facts stated in said petition do not entitle the plaintiff to the relief demanded in this: that said petition sets forth a parol contract for the sale of office furniture, good will, and the turning over of collections on hand with an agreement to not again engage in business, and states that the contract has been complied with so far as the office furniture is concerned, and seeks to recover only for an alleged breach of that part relating to good will, the turning over of collections, and to not again engage in business in Adel.

2. The petition affirmatively shows that said contract could not be performed within one year from the date thereof.

3. No consideration is alleged to have been paid for that part of the contract for the breach of which damages are claimed.

4. The contract, or that part of it for the breach of which damages are claimed, is against public policy. The court sustained this demurrer. The plaintiff failed to further plead, and judgment was rendered against him for costs. The plaintiff appeals.

*A. R. Smalley* and *M. H. Baugh*, for appellant.

*T. R. North*, *G. W. Clark*, and *White & Woodin*, for appellee.

DAY, J.—I. The judgment of the court does not show upon what ground the demurrer was sustained. We think no damages

1. CONTRACT: can be recovered on account of the neglect of the
attorney: col-
lections.   defendant to turn over to the plaintiff the four

thousand five hundred dollars of notes which the defendant had in his hands for collection. It is presumed that the defendant's clients selected him for the collection of these notes because they reposed confidence in his capacity and integrity, or for some reason desired him, in preference to all persons else, to perform this service. The defendant had no right to substitute another for the performance of a duty which he had agreed to discharge himself, and he could not, without the consent of his clients, bind them to accept the plaintiff to perform this service. If the notes had been turned over to the plaintiff by defendant, his clients could immediately have demanded and compelled their surrender. The plaintiff must have known that in this part of the agreement the defendant undertook to do what he had no legal right to perform. For a breach of this part of the agreement damages are not recoverable.

II. Appellee insists that defendant's agreement not to engage again in the practice of law in Adel is against public policy and void. The defendant did not agree generally not to engage in the practice of law, but simply not to engage in the practice of the law at Adel. A contract in restraint of trade as to particular places is valid. *Hedge, Elliott & Co. v. Lowe*, 47 Iowa, 137, and cases cited; *Jenkins v. Temples*, 39 Ga., 655; *Chappel v. Brockway*, 21 Wend., 157. In *Holbrook v. Waters*, 9 Howard's Pr. Rep., 335, it was held that an agreement upon sufficient consideration not to practice medicine, nor in any manner to do business as a physician in the county of Oswego, at any time after the first day of May, 1851, was valid. In *Bunn v. Guy*, 4 East., 190, a contract entered into by a practicing attorney to relinquish his business and recommend his clients to two other attorneys for a valuable consideration, and that he would not himself practice in such business within one hundred and fifty miles of London, was held to be valid. See also *Heichew v. Hamilton*, 3 G. Greene, 596; S. C., 4 G. Greene, 317.

III. The point raised in the demurrer that the contract could not be performed within a year is not argued by counsel. The petition alleges performance of the agreement on the part of the plaintiff. In *Cheny*

2. ——: ——:
public policy.

3. ——: ——:
statute of
frauds.

*v. Hemming*, 4 Excheq., 631, it was held that the provision of the statute of frauds respecting contracts not to be performed in a year applies only to contracts not to be performed on either side, and not to a contract performed on one side within the year. See also *Donellan v. Read*, 3 B. & Ad., 899; *Riddle v. Backus*, 38 Iowa, 81; *Blair Town Lot and Land Co., v. Walker*, 39 Iowa, 406, and cases cited.

IV. The petition alleges a sufficient consideration for the defendant's agreement not to engage in the practice of law at Adel, and for a breach of this agreement the plaintiff is entitled to damages. It is urged, in the argument, that the petition is insufficient because it does not allege that the plaintiff is an attorney, and it does not, therefore, appear that he could be benefitted by the agreement. This objection is not raised in the demurrer, and cannot for the first time be presented here. In sustaining the demurrer generally, the court erred.

REVERSED.