Beatty v. Coble.

---

No. 17,458.

BEATTY *v.* COBLE.

| 142 | 329 |
| 142 | 563 |
| 142 | 329 |
| 145 | 35 |
| 142 | 329 |
| 155 | 542 |

CONTRACT.—*In Restraint of Practice of Medicine.—Construction.— Territory.*—A stipulation that in consideration of the purchase of a physician's property, the seller will, within a reasonable time, leave the field of practice, implies an agreement that he will not thereafter practice in the territory named.

SAME.—*In Restraint of Practice of Medicine.— Consideration.— Separate Property of Wife.*—That a house in consideration of the purchase of which a husband covenanted to retire from the practice of medicine in a specified territory was the separate property of his wife, who received the entire consideration therefor, and was built for and used as a residence, and not as a physician's office, does not relieve him from his covenant.

SAME.—*Against Practice of Medicine.—Consideration.—Injunction.*— The adequacy of the consideration of a contract not to engage in the practice of medicine within a specified territory, will not be inquired into in an action for an injunction against the obligor, but it is sufficient if some legal consideration appear.

APPELLATE PROCEDURE.—*Dismissal of Appeal.—Injunction.—Contract Against Practice of Medicine.*—An appeal from a judgment for defendant, in the action to enjoin him from practicing medicine in a specified territory under a covenant not to practice therein, in consideration of a purchase of property by the covenantee, will not be dismissed because during its pendency the appellant has located and is practicing medicine in a territory reaching to portions of the appellee's former field of practice.

From the Owen Circuit Court.

*I. H. Fowler* and *T. G. Spangler,* for appellant.

*W. Hickam,* for appellee.

McCABE, J.—The appellant and appellee are practic--ing physicians and surgeons.

The appellant sued the appellee to enjoin him from a violation of the following contract.

"SPENCER, IND., November 2, 1891.

"Whereas, I am contemplating removing from Spencer; and, whereas, William H. Beatty, a practicing physician of Morgan county, is desirous of locating in Spencer, Indiana; now, therefore, in consideration of the purchase of my property by said William H. Beatty, I hereby agree that within a reasonable time, and as soon as I can arrange my business and conveniently leave my said field of practice, I will retire from the practice of medicine and surgery at Spencer, Ind.

"JACOB COBLE."

There was a demurrer for want of sufficient facts overruled to the second paragraph of the answer. A trial of the issues formed resulted in a finding and judgment for the defendant, over appellant's motion for a new trial.

Error is assigned on the action of the court in overruling said demurrer, and in overruling the motion for a new trial.

The sufficiency of the complaint is called in question by the appellee, as he may do in his defense of the ruling on the demurrer to the second paragraph of the answer, as a bad answer is good enough for a bad complaint. Appellee also questions the sufficiency of the complaint by assigning for cross error that the circuit court erred in overruling a demurrer thereto, for want of sufficient facts.

The material facts alleged in the complaint are that both parties were practicing physicians and surgeons,

.the defendant in Spencer, Indiana, and the plaintiff in Morgan county, Indiana; and in consideration that plaintiff would purchase of said defendant his residence in Spencer, in Owen county, Indiana, for the sum of $1,500, said defendant agreed with plaintiff that he would leave his field of practice, which was co-extensive with said county, and retire therefrom and leave the same to the plaintiff, making the written contract, above set out, an exhibit and a part of the complaint; that, in pursuance of said agreement, he did purchase of said defendant said property for $1,500, and paid said defendant said sum; that said contract was entered into and said purchase made with the design and intention of plaintiff engaging in the practice of his profession at said town of Spencer, and in the former field of practice of said defendant, and without having the competition of said defendant therein; that defendant did, within a reasonable time thereafter, to-wit: August 15, 1892, retire from his field of practice at said town of Spencer, and did remove from said town and county to a distant part of the State. That plaintiff has ever since been engaged in the practice of his profession, and is now so engaged in the former field of practice of said defendant, but that defendant, wholly disregarding his said contract and agreement with said plaintiff, and in violation thereof, did on February 1, 1894, remove back to the town of Spencer, and opened an office, and has ever since been engaged in the practice of his profession at said town of Spencer, and in his former field of practice; that such violation of said contract is likely to, and will, result in great and irreparable damage to plaintiff in his future practice, the defendant being wholly insolvent; that the plaintiff has duly performed all the conditions of said contract. Prayer for an injunction.

The objection urged to the complaint is that the con-·tract on which it is founded contains no express provision that the appellee shall not afterwards resume his practice, as formerly.

Appellee's counsel cite us to many authorities in support of this objection, the substance of all of which is summed up in one of them, namely: High on Injunctions, section 1169. It is there said: "Some conflict of authority exists upon the question whether, in the absence of an express agreement against resuming business in a given locality upon the sale of a business with its good will, equity should interfere by injunction to prevent defendant from so resuming. The better doctrine, however, is that to warrant a court of equity in interfering by injunction in such cases, there must be an actual contract, and the court will not imply a covenant on the part of one who sells the good will of a trade or business not to carry on the same trade or business in that locality. It follows, therefore, that where one has sold the good will of his trade without any express covenant, preventing him from resuming the trade in that vicinity, he will not be enjoined from resuming it."

It will be found that this principle is the outgrowth of sales of stock in trade in an established house or place of business, with the good will of customers, in the habit of doing business at that place.

In such a case the sale of the stock in trade and entire business, with the good will attached, puts an end to the business of the seller, at least for the time being, without any other agreement or stipulation than the transfer of the property, both tangible and intangible.

It had often been contended that such a sale carried with it an implied agreement that the seller would not resume the same business, or again engage therein, in that locality, and thereby take away from the purchaser

that which he had sold to him, the good will of the habitual customers of such business.

It finally became settled that the mere sale of the goods, stock in trade and good will attached, without any express stipulation, not to resume or again engage in the business in that locality, on part of the seller, were not sufficient to warrant a court of equity in restraining the seller from again engaging in such business in the same locality.   10 Am. & Eng. Ency.Law, 945–947, and authorities there cited; 3 Pars. Conts. 368; Waterman Specif. Perf., section 35; *Ransom* v. *Pratt,* 91 Ind. 9; *Beard* v. *Dennis,* 6 Ind. 200; High Inj., sections 1169–1180; *Eisel* v. *Hayes,* 141 Ind. 41.

But the contract before us, aside from the stipulation in relation to leaving and retiring from appellee's field of practice, caused no interruption of his business, as in case of a sale of an entire stock in trade.

That contract must be construed or interpreted from the language employed therein, and from the circumstances surrounding the contracting parties, and thus get at their intention, as expressed in the instrument.

It is conceded by the appellee, that the express stipulation of the contract required him to retire from the practice at Spencer.   But he thinks a good faith retirement for a year and a half was a sufficient compliance with that stipulation.   So that both parties construe the contract to be and contain an express agreement by appellee to leave and retire from that field of practice.

The plain meaning and import of that is that the appellee agrees  not to engage in the practice in that field, without limitation as to time.   *Pennsylvania Co.* v. *Dolan,* 6 Ind. App. 109.   The want of such definite limit is no objection to such a contract.   *Eisel* v. *Hayes, supra.*

If that express stipulation is complied with by a good faith retirement for eighteen months, then it would be complied with by one month's retirement, and if one month, then one day, or even a shorter period. So that it is clear that such a construction destroys the stipulation entirely, and defeats the expectation and intent of both parties.

Contracts should be so construed as to uphold, rather than defeat them. *Irwin* v. *Kilburn*, 104 Ind. 113.

The stipulation here means that the appellee will not practice his profession in the territory named. Such contracts have been uniformly enforced by injunction. *Cook* v. *Johnson*, 47 Conn. 175 ; *Mallan* v. *May*, 11 M. & W. 653 ; *Clark* v. *Crosby*, 37 Vt. 188 ; *Smalley* v. *Greene*, 52 Iowa 241 ; 10 Am. & Eng. Ency. Law, 945–946, and authorities there cited.

It is contended that the complaint is bad, because it does not disclose an adequate consideration. It seems to be the settled law now in such cases, that the adequacy of the consideration will not be inquired into. It is sufficient if some legal consideration appears. *Duffy* v. *Shockey*, 11 Ind. 70 ; 22 Am. Law Rev., 887–888, and authorities there cited; *Eisel* v. *Hayes*, *supra* ; Greenhood Pub. Policy, 718, 719, and authorities cited.

The complaint was therefore sufficient.

The material facts alleged in the second paragraph of the answer are that the appellee, at the making of said contract, was not the owner of the property conveyed to the plaintiff, but the same was the sole and separate property of defendant's wife, Marietta Coble, which was built for, and used as, a residence, and not a physician's office, and no part of the consideration for said conveyance was ever received by defendant, and that no consideration ever passed between plaintiff and defendant for the execution of the agreement sued on.

This pleading does not state facts enough to show a want of consideration, for which it was evidently and confessedly pled. *Koh-i-moor Laundry Co.* v. *Lockwood*, 141 Ind. 140 (40 N. E. 677), and authorities there cited.

A motion to dismiss this appeal on the ground made to appear in affidavits, that since the appeal was taken, the appellant has located in the town of Worthington, in Greene county, to practice his profession, which reaches into portions of Owen county, the appellee's former field of practice, in which parts appellant still continues to practice. These facts do not deprive the appellant of the right to continue to prosecute his appeal. No authority is cited to support the motion, and we know of none.

The circuit court erred in overruling the demurrer to said answer.

The judgment is reversed, with instructions to sustain the demurrer to the second paragraph of the answer.

JORDAN, J., took no part in this decision.

Filed October 18, 1895.