(No. 21625.—

WILLIS D. STORER, Defendant in Error, *vs.* SAMUEL BROCK, Plaintiff in Error.

*Opinion filed February 23, 1933—Rehearing denied April 7, 1933.*

SAMUEL S. POLLYEA, GEORGE A. VINIK, and IRVING GOODMAN, for plaintiff in error.

FRANK A. MCCARTHY, and JOHN E. TOOMEY, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Dr. Willis D. Storer, (herein called Dr. Storer,) on June 3, 1931, brought suit in the municipal court of Chicago to recover from plaintiff in error,

Dr. Samuel Brock, (herein referred to as Dr. Brock,) a certain sum of money which was claimed to be due from him under the terms of a written contract between the parties. On motion of Dr. Brock the statement of claim filed by Dr. Storer was stricken from the files, and Dr. Storer electing to stand by his statement of claim, his suit was dismissed and judgment entered in favor of Dr. Brock. An appeal from that judgment was prosecuted by Dr. Storer to the Appellate Court for the First District, and that court reversed the judgment of the municipal court, and, on stipulation of the parties, instead of remanding the cause to the municipal court entered judgment for Dr. Storer against Dr. Brock for $1600 and costs. This court granted the petition of Dr. Brock for a writ of *certiorari*.

The contract between the parties, which was set out in full in the statement of claim filed by Dr. Storer, is dated April 29, 1930. It recites that the parties thereto had formed a partnership for the practice of medicine and surgery based upon the established medical practice of Dr. Storer, and as partners had practiced said profession at 4750 Sheridan road, in the city of Chicago; that advancements had been made to Dr. Brock in excess of his share of the partnership funds, and that because of the inactivity of Dr. Storer, due to a protracted illness, the parties desired to dissolve partnership. The contract provided that Dr. Brock should pay to Dr. Storer $7500, payable $3000 in cash on or before May 1, 1930, and the balance within two years from the date of the contract. It further provided that Dr. Brock would pay to Dr. Storer the sum of $125 per month for the period of two years from the date thereof, and the sum of $100 per month during the remainder of the life of Dr. Storer. The contract also contained this clause: "It is specifically understood and agreed that Dr. Storer agrees not to engage in the practice of medicine independently of Dr. Brock in Chicago, and that when he returns to active practice with Dr. Brock addi-

tional compensation for him shall be mutually agreed to." In the statement of claim, after setting out the contract, it is alleged that Dr. Brock had failed to make the monthly payments provided for by the contract for October, November and December, 1930, and the months of January to June, inclusive, 1931.

The only contention made by Dr. Brock is that the contract is against public policy and void because it restrains Dr. Storer from practicing his profession in the city of Chicago for an unlimited time. On the other hand, Dr. Storer contends that the restriction placed by the contract upon his right to practice his profession being limited is not unreasonable and is not against public policy.

In *Linn* v. *Sigsbee,* 67 Ill. 75, Dr. Linn, a practicing physician, sold to Dr. Sigsbee his house and lot in the town of Chili, Hancock county, and his medical practice, and obligated himself "not to establish nor attempt to establish a medical practice within the township of Chili nor within six miles of his present residence." Dr. Sigsbee brought suit against Dr. Linn for violation of the agreement and recovered judgment in the circuit court. This court, on appeal, held that an agreement not to practice medicine, if reasonably limited and supported by consideration, is not invalid; that the question of the reasonableness of the contract is to be determined by the court, and that the restraint imposed by the contract in that case was reasonable and the contract valid. It is to be noted that the restriction on the right of Dr. Linn to practice his profession by the contract was unlimited in time.

In *Ryan* v. *Hamilton,* 205 Ill. 191, Dr. Hamilton, a physician, sold to Dr. Ryan, another physician, his medical practice, and personal property used in connection therewith, at Viola, Mercer county, and agreed never again in the future to practice medicine in or within eight miles of Viola without the consent of Dr. Ryan while Dr. Ryan was engaged in the general practice of medicine at Viola or

within eight miles thereof, unless forced to by some unforeseen circumstances. This court held that the contract was valid, and that the restriction was not unreasonable and could be enforced by injunction. It is apparent that the restriction on the right of Dr. Hamilton to practice his profession by the contract was limited to the time that Dr. Ryan engaged in the general practice of medicine in or within eight miles of Viola but was otherwise unlimited as to time.

In *Tarr* v. *Stearman*, 264 Ill. 110, Tarr, a non-resident of Illinois, who was not licensed to practice dentistry in this State, owned a dental office in Springfield, which was conducted by dentists employed by him under the name "Eastern Dentists." Tarr and J. W. Stearman, a dentist licensed to practice his profession in this State, entered into a contract that Stearman was to conduct and manage the dental office for fifty-five months, and if he complied with all terms of the contract, Tarr at the end of said period would convey and transfer to him the entire business of the dental office, including the good will and the right to use the name "Eastern Dentists" in Springfield, and all the furniture, tools and personal property in the office. The contract contained a provision that Stearman, after he ceased to be connected with Tarr under the contract, whether the relationship was terminated by expiration of the contract or otherwise, would not, without the written consent of Tarr, engage in the practice of dentistry in the city of Springfield or within twenty-five miles thereof. This court held that that provision of the contract was repugnant to the other provisions of the contract and was unreasonable and void. No mention is made in the decision in the case of the fact that the restriction of Stearman's right to practice dentistry was unlimited as to time, and the decision was not made on that ground but on the ground that it was unreasonable that Stearman, after having fulfilled the terms of the contract and having become entitled to have the business, property and good will of the dental office, could not

practice his profession in such office without the consent of Tarr, a non-resident of the State, who was not licensed to practice dentistry in this State and could not practice that profession in this State in place of Stearman. It is apparent that that case is not authority for holding the contract in the instant case void.

The three cases above referred to are the only cases cited by the parties, and the only cases that we have found which have been decided by this court, involving the question of the validity of a restriction by contract upon the right to practice a profession. Other cases decided by this court involving the question of restriction of the right to conduct a business or trade are cited and relied upon by plaintiff in error. These cases are: *Hursen* v. *Gavin,* 162 Ill. 377; *Lanzit* v. *Sefton Manf. Co.* 184 id. 326; *Union Strawboard Co.* v. *Bonfield,* 193 id. 420; *Andrews* v. *Kingsbury,* 212 id. 97; *Southern Fire Brick Co.* v. *Sand Co.* 223 id. 616; *Parish* v. *Schwartz,* 344 id. 563. We could not set out the facts and holdings in all of those cases without making this opinion of undue length. All of them hold that contracts in general restraint of trade are void, as being contrary to public policy, because they deprive the State of the services of its citizens in the trades, businesses or callings in which they are trained and skilled, and also deprive the persons restrained of the opportunity to pursue their vocations for the support of themselves and their families. They also hold that contracts in partial restraint of trade are valid where supported by a consideration and the restraint imposed is reasonable, and that the question whether the restraint imposed is reasonable is a question of law. In some of these cases it is stated that a contract in partial restraint of trade is valid if it is reasonable in its provisions as to time and place, but in none of them is it held that a contract in partial restraint of trade is void simply because the restraint is unlimited as to time. None

of these cases overrule the decision made by this court in *Linn* v. *Sigsbee, supra,* either expressly or otherwise.

Dr. Brock contends that the restriction upon Dr. Storer in practicing his profession is unreasonable for two reasons: First, because it is unlimited in time; and second, because it is not sufficiently limited as to space or territory. The decision in *Linn* v. *Sigsbee, supra,* is authority that the limitation is not unreasonable because it may extend throughout the lifetime of Dr. Storer. In support of his contention that the restriction is unreasonable because unlimited in time, counsel for Dr. Brock cite *Mandeville* v. *Harman,* 42 N. J. Eq. 185, 7 Atl. 37, *Rakestraw* v. *Lanier,* 104 Ga. 188, 30 S. E. 735, and *Freudenthal* v. *Espey,* 45 Col. 488, 102 Pac. 280. We do not deem it necessary to comment extensively on these cases. In the *Freudenthal case* the restriction was limited to five years and was held valid. In so far as the other two cases may be taken to hold that a restriction upon the right of a physician to practice his profession, when otherwise reasonable and valid, is void solely because not expressly limited in time, they are not only contrary to *Linn* v. *Sigsbee, supra,* but to the apparent weight of authority in this country as shown by the following cases: *French* v. *Parker,* 16 R. I. 219, 14 Atl. 870; *Styles* v. *Lyon,* 87 Conn. 23, 86 Atl. 564; *Beatty* v. *Coble,* 142 Ind. 329, 41 N. E. 590; *Webster* v. *Williams,* 62 Ark. 101, 34 S. W. 537; *Hauser* v. *Harding,* 126 N. C. 295, 35 S. E. 586; *Randolph* v. *Graham,* 254 S. W. (Tex.) 402; *McCurry* v. *Gibson,* 108 Ala. 451, 18 So. 806; *Foss* v. *Roby,* 195 Mass. 292, 81 N. E. 199; *Smalley* v. *Greene,* 52 Iowa, 241, 3 N. W. 78.

In support of their contention that the restriction in the contract in this case is unreasonable as to place or space since it applies to the whole city of Chicago, which has a population of more than 3,000,000, Dr. Brock's counsel cite no case where a restriction upon the right of a person to engage in a profession, trade or business limited to a city,

town or territory less than the whole State has been held unreasonable on such ground. In *Hursen* v. *Gavin, supra,* the limitation upon the right of a person to engage in the undertaking and livery business in the city of Chicago was held valid. In *Lanzit* v. *Sefton Manf. Co. supra,* the contract restricted the right of a party thereto to engage in a certain business. By one paragraph the restriction applied to the United States, by another to the State of Indiana, by another to the State of Illinois, and by still another to Cook county. The restriction as to the whole State of Illinois was held invalid, but the court specifically pointed out that it was unnecessary to determine whether so much of the contract as applied to Cook county, only, might not be enforced.

The question whether the restriction upon the right of Dr. Storer to practice his profession as made by the contract is unreasonable is one of law, to be determined under the particular facts of this case. It is to be noted that the reason Dr. Storer retired from the practice of his profession was, as recited in the contract, because of his inactivity due to a protracted illness; that by the contract he is not restrained from practicing his profession at any place in this State outside of the city of Chicago, and that as to the city of Chicago the restraint upon Dr. Storer is not total but is only that he will not practice his profession independently of Dr. Brock. The contract is supported by a valuable consideration, the restraint imposed is limited or partial, and we do not regard the restraint to be greater than is reasonably necessary to protect the contract rights of Dr. Brock or to be against public policy.

The Appellate Court did not err in entering the judgment for Dr. Storer, and the judgment is affirmed.

*Judgment affirmed.*