### PARKER v. SMITH.

#### No. 12517.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 31, 1952.

Leonard Brown, Archie S. Brown and Leonard Brown, Jr., San Antonio, for appellant.

Guy Bonham, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order refusing a temporary injunction sought by plaintiff, James W. Parker, to enforce a

covenant not to compete, which was contained in a contract of employment between Parker as employer and defendant, Elmer Smith, as employee.

■ Ordinarily, on an appeal from an order either granting or refusing a temporary injunction, the question is whether the trial judge abused his discretion in granting or refusing the requested order. In the present case, although not required to do so by Rule 385, Texas Rules of Civil Procedure, the trial judge filed findings of fact and conclusions of law. The findings of fact were in the main favorable to plaintiff, but the relief sought was refused upon the following conclusion of law:

"The plaintiff is not entitled to a temporary writ of injunction for the reason that paragraph 8 of the Employment Contract is void as being too harsh and unreasonable, and against public policy, in that, it would deprive the defendant from engaging in his profession in Bexar County, Texas, for a period of two (2) years."

■ In passing upon the appeal, we must determine if the findings of fact compel the issuance of the temporary order prayed for. These findings disclose the following:

Both parties are licensed doctors of chiropractic. By written contract, Parker employed Smith to work in a clinic conducted by Parker in Bexar County, Texas. The period of employment was two years from September 17, 1951. Paragraph 8 of the agreement contained the following provision:

"It is further covenanted, understood and agreed by and between the employer (Parker) and associate (Smith) that as a part of the consideration of this contract that the associate will not, during the term of this contract, and for two years after the termination of same, directly or indirectly, individually or with any person, firm or association, practice or follow the act of Chiropractic care or engage in the practice of Chiropractic care in any manner whatsoever, whether the same be for money consideration or other compensation, in the County of Bexar, Texas, should this contract be terminated in any manner or if terminated as provided for by the terms hereof."

At the time Smith was employed by Parker, the latter had operated numerous clinics throughout the State of Texas, and the name "Parker Chiropractic Clinic" had been widely advertised and was well known. The San Antonio, Bexar County, Clinic was well established when defendant entered plaintiff's employment and took over its operation for plaintiff.

The parties operated under said contract until September 22, 1952, when defendant breached his contract and by telegram tendered his resignation from the "Parker Chiropractic Clinic." Prior to the sending of the telegram of resignation, defendant contacted most of the patients of the Parker Clinic by telephone and advised them that he was severing his relations with the plaintiff as of Monday, September 22, 1952, and was opening a Chiropractic Clinic at 103 Carey Street, in the City of San Antonio, Bexar County, Texas.

Immediately upon breaching his contract, defendant circularized the balance of the patients of the Parker Chiropractic Clinic by mail, advising them that defendant would continue the practice of his profession at his new office located approximately ten blocks from the Parker Clinic. All of the patients treated in defendant's clinic from the date of the breach of the contract until the time of trial, with three of four exceptions, were former patients of the Parker Clinic. Prior to Smith's leaving, the income of the Parker Clinic was in excess of $350 per week, but thereafter it fell off to about $25 per week.

The defendant's breach of contract was wilful, intentional and done with intent to injure plaintiff. At the time and prior to the breach of the contract, the defendant planned to open a Chiropractic Clinic in competition with the plaintiff, and to deprive the plaintiff of his former patients.

As a result of the actions of the defendant in breaching the contract and inducing

patients to leave plaintiff's clinic and to become patients of the defendant's clinic, the plaintiff has been damaged to a large financial extent by an almost complete loss of his former patients. Defendant has no known assets subject to execution.

The trial court also made the following finding of fact:

"That the patients of the Parker Clinic, during the period that the same was operated by the defendant, came from all sections of the City of San Antonio, and of Bexar County, and that, in addition, a number of patients who were treated at the clinic were residents of counties adjoining Bexar County, Texas."

The findings of the trial judge, to our mind, present a case of wilful breach of contract under aggravated circumstances. The defendant accepted employment from plaintiff and operated a business or practice theretofore established through plaintiff's efforts. After remaining in plaintiff's employ for a year and accepting the benefits thereof, he carried out a pre-conceived plan to breach his contract, destroy plaintiff's business and appropriate the same to his own use. He is financially unable to answer to plaintiff for the damages occasioned by his wrongful breach of contract.

The trial court, as stated in his conclusion, was of the opinion that despite the circumstances under which the breach took place, the threatened destruction of plaintiff's practice and the inability of defendant to respond in damages, the provision of the contract sought to be enforced was unreasonably harsh in application and contrary to public policy. As supporting this conclusion, defendant in his brief here relies upon Kinney v. Scarbrough Company, 138 Ga. 77, 74 S.E. 772, 40 L.R.A.,N.S., 473; Miller v. Chicago Portrait Company, Tex.Civ.App., 195 S.W. 619; and Byers v. Trans-Pecos Abstract Co., Tex.Civ.App., 18 S.W.2d 1096, establishing the general proposition that contracts restricting competition and tending to hamper a person in earning a livelihood are not favored by the courts. It is also indicated that a stricter rule is generally applied to restrictive covenants in contracts of employment than is applied to similar covenants appearing in contracts for the sale of a business including the good will thereof. Specifically, the defendant relies upon Parker v. Slayter, Tex.Civ.App., 238 S.W.2d 814, wherein a similar contractual clause as that now before us was involved. The Court of Civil Appeals affirmed the judgment of the trial court refusing a temporary injunction for a number of reasons set forth in the findings and conclusions of the district judge which were adopted as the opinion of the appellate court. It appeared that the chiropractic clinic involved was located in Bayton, a comparatively small city in Harris County, Texas, while the injunction sought would include all of Harris County, including the large metropolitan center of Houston. The court held that the amount of territory included in the restriction sought to be enforced was unreasonable.

We are not in disagreement with the authorities cited by defendant. A restriction against competition contained in a contract of employment must be reasonable before it will be enforced by a court of equity and this prerequisite of reasonableness is applicable to territorial provisions. But such restrictions when reasonable will be enforced and may be as extensive as the interest or benefit sought to be protected. Houston Credit Sales Co. v. English, Tex.Civ.App., 139 S.W.2d 163; Sammons v. Schwarz, D.C., 55 F.Supp. 714. Here the trial judge found "that the patients of the Parker Clinic, during the period the same was operated by the defendant, came from all sections of the City of San Antonio and of Bexar County, Texas."

In view of this finding, we are of the opinion that the temporary restriction prayed for should have been issued. It is stated in American Jurisprudence, with a wealth of supporting authority, that:

"Contracts by physicians and surgeons, whether made in connection with the sale of their practice, with a contract of employment, or with a contract of partnership, not to engage in the practice of their profession

within a restricted area after such sale, or after termination of the employment or partnership relation, are usually held to be valid, and the injured party under ordinary circumstances is held entitled to invoke the aid of equity to enjoin a breach thereof." 28 Am.Jur. 300, Injunctions, § 107.

The question of the validity and enforcibility of contractual restrictions affecting the right to practice as physician, surgeon, dentist, etc., is fully discussed in an A.L.R. annotation following the report of the case of Proctor v. Hansel, 205 Iowa 542, 218 N.W. 255, 58 A.L.R. 153. See also Callman, Unfair Competition and Trade Marks, § 64.4.

For the reasons pointed out, the order or the trial court is reversed and the cause remanded with the direction that the temporary injunction be issued upon plaintiff's complying with the provisions of Rule 684, Texas Rules of Civil Procedure.

Reversed and remanded with directions.